UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ZACHARY SWANIGAN,　　　　　)
　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　vs.　　　　　　　　　　　　　　　)　　　　No. 19-4204
　　　　　　　　　　　　　　　　　)
DR. JOHNATHAN ELK, et. al.,　　　)
　　Defendants　　　　　　　　　　)

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims Defendants Dr. Jonathan Elk, Dr. Garcia, Nurse Stephanie Dorethy, Nurse Jane Doe, Sergeant Peel, Placement Office John Doe, Correctional Officer John Frost, and Lois Lindorf violated his constitutional rights at Hill Correctional Center.

Plaintiff injured his right knee on March 10, 2019 while playing basketball. Plaintiff met with Defendant Dr. Elk the next day and the doctor sent Plaintiff for an x-ray and ultimately for an MRI. The MRI was performed at an outside hospital and revealed "complete disruption of the reconstructed anterior cruciate ligament, complex tear of the posterior horn of the medial meniscus, horizontal tear of the posterior horn

and body of the lateral meniscus." (Comp., p. 17). The hospital recommended an evaluation by an orthopedist. Dr. Elk submitted a request for orthopedic evaluation, but after a collegial review with Dr. Garcia, the request was denied. Instead, the doctors agreed Plaintiff should first receive a physical therapy evaluation. (Comp, p. 22).

Plaintiff says he has suffered constant, excruciating pain since he injured his knee and he is unable to perform the recommended physical therapy exercises. Despite his repeated complaints of pain, Dr. Elk and Dr. Garcia have refused to provide any other medical care and have not referred Plaintiff to an orthopedist. In addition, Dr. Elk canceled Plaintiff's pain medication prescription for Ultram in March of 2019.

Plaintiff has reported his continued pain and spoke with Nurse Jane Doe during sick call on September 6, 2019, but Plaintiff has still not been scheduled to see the doctor and he has not received any additional medical care.

Plaintiff has alleged Defendants Dr. Elk, Dr. Garcia, and Nurse Jane Doe were deliberately indifferent to his serious medical condition. It is unclear from the face of Plaintiff's complaint whether he fully exhausted his administrative remedies for this claim before filing his lawsuit. Plaintiff did file an emergency grievance concerning the lack of medical care which was denied at Hill Correctional Center on July 10, 2019. (Comp., p. 13). Plaintiff immediately appealed the decision to the Administrative Review Board (ARB), but the ARB denied the grievance as untimely since Plaintiff injured his knee in March of 2019. (Comp., p.12). However, the ARB did not address the fact that Plaintiff was grieving the on-going lack of medical care.

Plaintiff next alleges on August 2, 2019 he was transferred to another cell. Plaintiff informed Defendant Peel he had a bottom bunk permit due to his injured knee and the Sergeant said it should not be a problem because Plaintiff was the only one assigned to the cell. However, when the next shift took over, Plaintiff was moved to a different cell with an inmate who also had a bottom bunk permit. Plaintiff reported the conflict to a different staff sergeant, but the unnamed sergeant refused to take any action.

On August 17, 2019, Plaintiff went to sick call and informed a nurse he did not have a lower bunk. The nurse referred Plaintiff to a doctor, but Plaintiff says he was forced to sleep on the floor with his injured knee from August 2, 2019 to August 27, 2019.

While Plaintiff might be able to proceed with another Eighth Amendment claim based on the knowing denial of his bottom bunk permit, there are two problems with the claim as stated in his complaint.

First, Plaintiff has not identified the Defendant responsible for this allegation. For instance, Plaintiff says Defendant Peel told Plaintiff he could use the bottom bunk because he had no cellmate. However, a different individual working a later shift moved Plaintiff to a cell without an available bottom bunk. Plaintiff does not allege Defendant Peel knew about the move or that Plaintiff discussed the matter further with Defendant Peel.

Second, Plaintiff has not clearly identified any other potential Defendant. Plaintiff has listed Placement Officer John Doe, but he makes no mention of this

individual in the body of his compliant.  Therefore, it is unclear if the placement officer was responsible for the move to the specific cell, or if the officer knew about the conflict over bottom bunk assignments.  In addition, Plaintiff has not clearly indicated whether he intended to name the Staff Sergeant John Doe or the second Jane Doe Nurse as Defendants.

More concerning, Plaintiff's second claim involving the denial of his lower bunk permit occurred in August of 2019.  It is unclear if Plaintiff filed a second grievance addressing this issue and it is doubtful he could have completed the grievance process before he filed his complaint two months later on October 11, 2019.  Since Plaintiff has not clearly identified any Defendant who was responsible for knowingly denying him a bottom bunk and forcing him to sleep on the floor, Plaintiff has failed to articulate a separate claim.

If Plaintiff has completed the grievance process and he can identify an appropriate Defendant, Plaintiff may file an amended complaint including this allegation.  The amended complaint must stand complete on its own, include all claims against all Defendants, and must not make reference to the original complaint.  If Plaintiff does not know the name of the responsible Defendant, he may identify the individual as a John or Jane Doe, but he must provide some description of the individual such as physical description, or job title and shift worked. Any proposed amended complaint must be filed within 21 days of this order.

Finally, Plaintiff fails to mention Defendants Dorethy, Frost, or Lindorff in the body of his complaint and therefore he has failed to explain how they were directly

involved in his allegations. *See Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). Furthermore, a Defendant is not responsible for an alleged constitutional violation simply because he or she denied a grievance. *See George v Smith*, 507 F.3d 605, 609(7th Cir. 2007)("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Dr. Elk, Dr. Garcia, and Nurse Jane Doe were deliberately indifferent to his serious medical condition, a right knee injury. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will

file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

10) Plaintiff is ultimately responsible for providing the correct name of his Jane Doe Defendant through the discovery process. Failure to identify Doe Defendants may result in their dismissal from this case. Nonetheless, once Defendants are served, the Court will ask whether they can identify Nurse Jane Doe based on the information provided in the complaint.

11) If Plaintiff has exhausted his administrative remedies for his second claim and plans to file a proposed amended complaint, he must file his amended complaint in compliance with this order within 21 days or on or before January 3, 2020.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Nurse Stephanie Dorethy, Sergeant Peel, Placement Office John Doe, Correctional Officer John Frost, and Lois Lindorf for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Attempt service on the three surviving Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 11th day of December, 2019.

                        s/ James E. Shadid
                 _____
                        JAMES E. SHADID
                   UNITED STATES DISTRICT JUDGE